IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NEZ PERCE TRIBE, | ) | |
| | ) | Civ. No. 07-247-C-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| | ) | |
| NOAA FISHERIES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Pending before the Court is the Tribe's motion to amend to add the Bureau of Reclamation (BOR) as a party defendant and to allege against the BOR a claim under the Endangered Species Act (ESA).  The BOR objects, claiming that the amendment would be futile because the Tribe failed to follow the 60-day notice requirement of the ESA.  The motion is fully briefed and at issue.  For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

The Tribe's original complaint contained two claims under the ESA, the first

**Memorandum Decision & Order – page 1**

against NOAA and the second against the BOR.  The BOR filed a motion to dismiss, alleging that the Tribe failed to comply with the 60-day notice letter provision of the ESA.

On September 7, 2007, the Tribe filed a response, agreeing that the claim against the BOR should be dismissed without prejudice to the right of the Tribe to amend its complaint at a later date to add the BOR after curing the notice letter problem.  On the same day, the Tribe sent the BOR a 60-day notice letter under the ESA.  On October 16, 2007, the Court granted the BOR's motion to dismiss "without prejudice."  On November 14, 2007, the Tribe filed the motion to amend now under consideration.

The BOR claims that the Tribe's notice letter, sent out on September 7, 2007, was invalid because the Tribe's claim against the BOR would not be formally dismissed by the Court for another 5 weeks.  Moreover, the BOR asserts, the Tribe filed its motion to amend only about 28 days after the Court formally dismissed the claim against the BOR, and thus the Tribe failed to wait for the prescribed 60 days.

The ESA states that "no action may be commenced . . . prior to sixty days after written notice of the violation has been given . . . ." *See* 16 U.S.C. § 1540(g)(2)(A)(I); § 1540(g)(2)(c).  This requirement is jurisdictional, *Save the*

**Memorandum Decision & Order – page 2**

*Yaak Comm. v. Block*, 840 F.2d 714, 721 (9th Cir. 1988), and it cannot be avoided by employing a "flexible or pragmatic construction." *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989).[1]  "The purpose of this notice is to give the federal government and any alleged violators an opportunity to comply, and thus render a citizen suit unnecessary." *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1072 (9th Cir. 1996).  When given notice, "the agencies have an opportunity to review their actions and take corrective measures if warranted." *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998).

In this case, the Tribe agreed to dismiss its action against the BOR, and simultaneously served the BOR with the 60-day notice letter on September 7, 2007.  The issue is whether that notice was invalid because the Tribe's ESA claim against the BOR remained pending for another 5 weeks.

The parties cite no case on point.  In rejecting a claim that a notice sent after suit was filed could be rendered valid if the complaint was amended 60 days after the notice was sent, the Circuit found that "once a suit is filed, positions become hardened, parties incur legal fees, and relations become adversarial so that

---

[1] *Hallstrom* involved the sixty-day notice provision of RCRA, rather than the ESA, but this Circuit has adopted *Hallstrom's* reasoning in ESA cases.  *See Save the Yaak*, 840 F.2d at 721.

**Memorandum Decision & Order – page 3**

cooperation and compromise is less likely. The pragmatic approach fails to recognize that . . . the filing of a[n] . . . amended complaint to cure defective notice cannot restore a sixty-day non-adversarial period to the parties." *Hallstrom,* 844 F.2d at 601.

In *Hallstrom*, there was no retraction of the complaint – the plaintiffs were actively engaged in suing the agencies during the entire 60-day period of the notice letter. That defeated the purpose of the law, which was to encourage out-of-court negotiations free of the specter of overhanging litigation.

This case is much different. The Tribe sent its notice letter only after agreeing in writing – in a filing with this Court – that its claim against the BOR could be dismissed. The parties did not have to wait for the Court's formal dismissal to begin their out-of-court discussions, given the Tribe's concession. That is sufficient to satisfy the purpose of the 60-day notice to give the agency an out-of-court opportunity to review its practices and make any necessary corrections. Because the Tribe waited more than 60 days after September 7, 2007, to file its motion to amend, it did not act prematurely.

The BOR advanced no other reasons for denying the motion to amend. For the reasons expressed above, the Court will grant that motion.

## ORDER

**Memorandum Decision & Order – page 4**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (docket no. 17) be GRANTED, and that the First Amended Complaint attached as Exhibit 1 to the motion be filed by the Clerk of the Court.

DATED: **May 8, 2008**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**